UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. F. SADOWSKI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:22-cv-00408 (UNA) |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2.  The Court will grant plaintiff's IFP application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8.  *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C.

2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls within this category.

Plaintiff, a resident of the Philippines, has filed a prolix complaint and exhibits totaling 983 pages. He sues approximately 15 named defendants, including, but not limited to, the United States, federal officials, and private law firms and attorneys. With the exclusion of the federal defendants, all the defendants appear to be located in New York. Plaintiff also sues unnamed John and Jane Does.[1]

Due to the length of the pleading alone, neither the Court nor defendants can reasonably be expected to identify plaintiff's claims, and defendants cannot be expected to prepare an answer or dispositive motion. Further, a complaint "shall [not] have appended thereto any document that is not essential to determination of the action." D.C. LCvR 5.1(e). The complaint is rambling and disorganized, comprised of ruminations about a range of unrelated topics, including, but not limited to: the authority of the United States Supreme Court and Congress, wide-ranging government conspiracies, abuses of power, organized crime, blackmail, murder plots, poisoning, excessive bail, the Eighth Amendment, former United States Presidents, disability claims, insurance claims, personal injury, federal and state benefits, legal malpractice, previous cases filed by plaintiff in this District and other federal and state courts, and other personal anecdotes.

In sum, Plaintiff's intended causes of action are unclear because the complaint, in its current form, is incomprehensible. Plaintiff also fails to set forth allegations with respect to this Court's jurisdiction over his entitlement to relief. For these reasons, the case is dismissed without

---

[1] As a preliminary matter, the Local Rules of this Court require that a plaintiff filing *pro se in forma pauperis* must provide the name and full residence address or official address of each defendant. D.C. LCvR 5.1(c)(1).

prejudice.  Plaintiff's motion for CM/ECF password, ECF No. 3, is denied as moot.  A separate order accompanies this memorandum opinion.

Date:   May 3, 2022

/s/
TIMOTHY J. KELLY
United States District Judge